Taliaferro, J.
Suit is brought in this case upon an open account, showing a balance due of $2113 96, for which judgment is prayed with legal interest. The answer is a general denial and plea of prescription of one, two and three years. The plaintiff had judgment in his favor and defendant appealed.
This is a suit against an estate ,• the account is made out against the estate of Joseph Howell, a deceased person. The plaintiff, by his own testimony and that of another, offered to prove Howell’s acknowledgment that he owed the debt, and that be promised to pay it. This testimony was objected to by the defendant on the- ground that such acknowledgment could only be established by written evidence, but the parol proof being received the defendant reserved a bill of exceptions. We think the testimony should have been rejected. Acts of 1858, 158; C. C. 2278; 26 An. 514; 25 An. 492; 24 An. 496. Neither was it competent for plaintiff to prove by parol the credits or payments alledged to have been made on the indebtedness claimed. 21 An. 350; 23 An. 531, 549.
Two items of the account, one under date of September 5, the other of November 8, in the year 1865, make the aggregate sum of $1415; the plaintiff insists that to this extent, the account sued on is not prescribed, because those items were for property belonging to plaintiff and sold by Howell, who retained the proceeds without accounting for them. This allegation was sustained not by any written evidence, but by the parol evidence of the plaintiff and of an absent party who, by the admission of defendant’s counsel, would swear, if present, that Howell acknowledged the correctness of the account. The items aggregating the sum of $1415 as aforesaid, figure as constituting, with *640 the other items, one account. This account is not shown to be a stated account, and we regard it as an open account and prescribed by three years.
The bill of exceptions was well taken. The testimony objected to should have been excluded.
It is therefore ordered that the judgment appealed from be annulled and reversed. It is further ordered- that there be judgment in favor of the defendant, the plaintiff paying costs in both courts.
Rehearing refused.